Law Offices of Ira S. Newman
*Attorneys for Creditor Evanthia Valiotis*
98 Cutter Mill Road, Suite 441-South
Great Neck, New York 11021
(516) 487-7375
Ira S. Newman, Esq.
Andrew S. Holland, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re                                                               **Chapter 7**
                                                                                         Case No. 1-11-42785-jbr

CONSTANTINE PSAROUDIS,

      Debtor.
-----------------------------------------------------------------------X

**APPLICATION OF CREDITOR EVANTHIA VALIOTIS FOR AN
ENLARGEMENT OF HER TIME TO OBJECT TO DEBTOR'S
DISCHARGE OR TO CHALLENGE DISCHARGEABILITY, AND
EXTENDING HER TIME TO OBJECT TO CLAIMED EXEMPTIONS**

        Evanthia Valiotis, by and through her undersigned counsel, respectfully requests that this Court enter an Order extending her time to object to discharge, and extending her time to object to claimed exemptions. A copy of the proposed Order is attached hereto.

**JURISDICTION AND VENUE**

        1.       This Court has jurisdiction of the subject matter of this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

        2.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

        3.       On October 19, 2010, a judgment was entered in the Supreme Court of the State of New York, Queens County (Roger N. Rosengarten, J.), under Queens County Index Number

3984/2008, finding Debtor liable to creditor Evanthia Valiotis for the sum of $85,470.72 following his default in that matter, jointly and severally with three co-defendants.

4. On March 9, 2011, Constantine Psaroudis ("Debtor") commenced this case by filing his voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. David J. Doyaga, Esq., has been appointed the bankruptcy trustee for unsecured creditors in this proceeding.

5. On May 13, 2011, a meeting of creditors was held before Mr. Doyaga in this Court. At that meeting, Debtor and his attorney were present. Andrew S. Holland, Esq., of the Law Offices of Ira S. Newman, and Andrew Moulinos, Esq., unaffiliated with the Law Offices of Ira S. Newman, were both present on behalf of creditor Evanthia Valiotis. During that meeting, inter alia, Debtor produced an appraisal of the property where he maintains his personal residence. The meeting was not concluded, and was adjourned to July 8, 2011. Debtor was questioned about the proceeds of the sale of a house that he owned which was located at 14-20 146th Street in Whitestone, New York. Debtor claimed to have given $150,000 of the proceeds to his sister, Athina Psaroudis, as a gift, and to have given the remainder to his parents, Theodora Psaroudis and Antonios Psaroudis, with no consideration having been given therefor.

6. At the end of the first day of the meeting of creditors, Mr. Doyaga directed Debtor to provide the 2007 statement of the closing and sale of a property that he owned at 14-20 146th Street in Whitestone, New York. Debtor was also directed to produce documentary evidence that the monies alleged to have been gifted to his family members were in fact so given. The matter of an independent appraisal of Debtor's house was also discussed.

7. The "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" in this matter stated that the deadline to object to Debtor's discharge or to challenge

dischargeability of certain debts is July 12, 2011, and that the deadline to object to exemptions is thirty days after the conclusion of the meeting of creditors.

8. Because the meeting of creditors was adjourned to July 8, 2011, the deadline to object to exemptions is currently, at the very earliest, August 7, 2011.

9. In a stipulation/application dated May 13, 2011, the Debtor, his attorney, and Mr. Doyaga stipulated and agreed that (a) the last day for the trustee to object to discharge would be extended from July 12, 2011, until October 12, 2011, and (b) the deadline for the trustee to object to any claimed exemptions of property, which would otherwise expire 30 days after the closing of the Section 341 meeting of creditors would be extended until the close of this case as described in Section 350(a) of the United States Bankruptcy Code.

10. In an Order dated May 17, 2011, the Honorable Joel B. Rosenthal, United States Bankruptcy Judge, granted the enlargements of time agreed to in the May 13, 2011 stipulation, as set forth herein in paragraph 9.

11. In a voicemail message left for George Bassias, Esq., counsel for Debtor, on June 20, 2011, Andrew S. Holland, Esq., an attorney with this firm, acknowledged that Mr. Bassias and the trustee entered into the stipulation and agreement referenced herein in paragraph 9, and asked whether Mr. Bassias would stipulate to the same extensions as they would pertain to Ms. Valiotis. On June 21, 2011, Mr. Holland spoke with Mr. Bassias by telephone, during which conversation Mr. Bassias informed Mr. Holland that he would not stipulate to the enlargements requested by Ms. Valiotis.

12. Ms. Valiotis respectfully requests that this Court grant her motion for an Order extending her time to object to discharge from July 12, 2011, until October 12, 2011, and to extend her time to object to claimed exemptions of property of the estate which would otherwise

expire 30 days after the closing of the Section 341 meeting of creditors until the close of the above captioned case as described in Section 350(a) of the United States Bankruptcy Code.

13. "On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired." Fed. R. Bankr. Pro. 4004(b). "[R]equests for extensions of time to object to discharge 'should be granted liberally absent a clear showing of bad faith.'" In re Amezaga, 192 B.R. 37, 41 (Bankr. D. P.R. 1996) (quoting In re Kellogg, 41 B.R. 836, 838 [Bankr. W.D.Okl. 1984]). While no courts appear to have defined what constitutes "cause" for an extension, "case law provides guideposts as to when cause is lacking, such as where the party requesting an extension failed to (1) diligently pursue discovery prior to expiration of the deadline, (2) attend the debtor's § 341 meeting of creditors or to request a Rule 2004 examination, or (3) otherwise initiate discovery prior to making the motion for an extension of time." In re Morris, 10-60113, 2010 Bankr. LEXIS 1875, *6 (Bankr. N.D.N.Y. May 27, 2010).

14. Here, Ms. Valiotis has more than adequately shown cause. Initially, as stated above, Ms. Valiotis's attorneys attended the meeting of creditors held on May 13, 2011, which has been adjourned to July 8, 2011, only four days prior to the current expiration of her time to object to discharge. At the meeting, Ms. Valiotis's attorneys asked Debtor and his counsel several questions pertaining to Debtor's property, estate, and general truthfulness, and, prior to the trustee's adjournment of the meeting, Debtor and his attorney were directed by the trustee to produce several documents pertaining to his sale and purchase of two articles of real property, none of which have been provided to Ms. Valiotis's counsel.

15. Moreover, Ms. Valiotis's counsel and the trustee are currently taking steps to obtain an independent appraisal of Debtor's real property.

16. Furthermore, Ms. Valiotis currently has a motion pending for an Order granting a Rule 2004 Examination of Debtor (see Document #15 in the electronic docket in this matter), which is calendared to be heard the same day as the instant application: July 18, 2011. Ms. Valiotis seeks to examine Debtor, and for this Court to direct him to produce documents that would bear upon the veracity of the petition. In that application, Ms. Valiotis has raised a number of issues bearing upon Debtor's honesty and his entitlement to a discharge. Specifically, as is more fully articulated in the application for the Rule 2004 Examination, (a) Debtor has scheduled several unsecured debts and a 401(k) retirement account whose balances are identical to those balances scheduled when Debtor filed a Chapter 13 bankruptcy petition in 2008,[1] (b) Debtor asserts that his income is identical to his earnings as reported in his previous 2008 Chapter 13 petition, (c) Debtor claims to have gifted approximately half of the proceeds of the sale of one of his properties in 2008 to family members, (d) Debtor has obtained an appraisal of the property which he currently owns and in which he claims to currently reside that is far below what comparable market values are in that neighborhood, and (e) despite his claim that he lives at 13-19 145th Place in Whitestone, New York, Debtor maintains an address on his New York State Driver License in Southold, Suffolk County, New York, that purportedly belongs to his wife's parents. Debtor's petition raises numerous issues that must be more fully explored in a Rule 2004 Examination.

17. Debtor's counsel has been served with Ms. Valiotis's Rule 2004 Examination application both electronically and by mail, and, thus, is fully aware that a hearing is scheduled for July 18, 2011. Debtor's counsel surely understands that if the Court were to order a Rule 2004 examination, the evidence obtained at that examination—which would necessarily occur

---

[1] In re Psaroudis, 1-08-45278-dem. This petition was dismissed on January 8, 2009, upon Debtor's motion for a voluntary dismissal.

after the deadline to object has expired—could dramatically impact upon Debtor's right to discharge. Moreover, Debtor and his counsel were present at the first day of the meeting of creditors on May 13, 2011, at which time the trustee, upon Mr. Holland's request, advised Debtor and his counsel that the trustee would be considering seeking an independent appraisal of Debtor's real property.

18. Furthermore, Debtor and his counsel agreed to provide certain documents to the trustee that are alleged to establish the legitimacy of Debtor's purported gifting to his family of substantial proceeds of the sale of real property. Debtor's counsel has not informed the undersigned whether those documents have been provided, let alone provide any copies of those documents to the undersigned.

19. Once all facts and evidence have been elicited and disclosed, Ms. Valiotis may very well wish to object to discharge for any number of reasons, and may wish to commence an adversary proceeding.

20. Debtor and his counsel have stipulated with the trustee to extend his time to raise objections with the Court. Yet, unjustifiably, counsel has refused to make the same agreement with Ms. Valiotis, notwithstanding that there are numerous issues as to Debtor's truthfulness and entitlement to discharge that must be explored, and notwithstanding that Ms. Valiotis is currently owed the largest unsecured debt by far. Debtor's refusal to consent is disingenuous. As the First Circuit has put it, "[t]he statutes are designed to insure that complete, truthful, and reliable information is put forward at the outset of the proceedings, so that decisions can be made by the parties in interest based on fact rather than fiction. . . . Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight." In re Tully, 818 F.2d 106, 110 (1st Cir. 1987) (internal citations omitted). By refusing

to consent to an extension of Ms. Valiotis's time to object, having agreed to extend the trustee's time to object, Debtor's counsel is essentially acknowledging that there are circumstances in this case that justify such consenting to the trustee's extension, but he is requiring Ms. Valiotis to seek the same relief by application rather than stipulation, wasting the time and resources of this Court.

21. Similarly, because the evidence that would be elicited at a Rule 2004 examination would doubtlessly impact upon Debtor's claimed exemptions of property, and because that examination would likely be held at a time after the current deadline to object to exemptions has expired, Ms. Valiotis respectfully requests that this Court extend that deadline from 30 days after the closing of the meeting of creditors until the close of this matter as described in Section 350(a) of the United States Bankruptcy Code. Indeed, this is an extension to which Debtor's counsel has agreed by stipulation as it pertains to the trustee but has refused to consent to for Ms. Valiotis.

22. Accordingly, because she has shown good cause, Ms. Valiotis respectfully requests that this Court extend her time to object to Debtor's discharge from <u>July 12, 2011</u> to <u>October 12, 2011</u>, and that it extend her time to object to any claimed exemptions of property of the estate which would otherwise expire 30 days after closing of the meeting of creditors until the close of this matter as described in Section 350(a) of the United States Bankruptcy Code.

23. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, Ms. Valiotis respectfully requests that this Court enter an Order extending her time to object to Debtor's discharge from <u>July 12, 2011</u> to <u>October 12, 2011</u>, and extending her time to object to any claimed exemptions of property of the estate which would otherwise expire 30 days after closing of the meeting of creditors until the close of this matter as

described in Section 350(a) of the United States Bankruptcy Code, and for such other and further relief as this Court deems just and proper.

Dated: Great Neck, New York
       June 21, 2011

                                              s/ Ira S. Newman
                                              IRA S. NEWMAN
                                              *Attorney for Creditor Evanthia Valiotis*
                                              98 Cutter Mill Road, Suite 441-South
                                              Great Neck, New York 11021
                                              (516) 487-7375